■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD N. QUINN, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered November 2, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed on the defendant's convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree from concurrent terms of 8 to 16 years imprisonment to concurrent terms of 4-½ to 9 years imprisonment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence adduced at trial established that the defendant initiated a sale of cocaine to an undercover police officer, boasting that he could supply "nice size vials * * * packed well". In exchange for currency and the promise of "a hit" from the undercover officer, the defendant obtained two vials of cocaine from another individual, which he then handed to the officer, once again boasting of the quality of his product. Shortly thereafter the defendant produced his pipe to collect "the hit" he had been promised and he was thereupon placed under arrest. Under these circumstances it is clear that

the People proved, *inter alia,* that the defendant did not act as a mere extension of the buyer, but as a salesman seeking to promote the transaction from which he stood to benefit. Thus, the People proved that the defendant was not acting as the agent of the undercover police officer for whom he procured the controlled substance *(see, People v Argibay,* 45 NY2d 45, 53, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v Lam Lek Chong,* 45 NY2d 64; *People v Gonzales,* 66 AD2d 828). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490, 495).

We find that the sentence imposed is excessive to the extent indicated.

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.